```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND

                                :
UNITED STATES OF AMERICA
                                :  Criminal Case No. DKC 05-230
                                   Civil Action No. DKC 16-1716
     v.                         :
                                   Criminal Case No. DKC 05-246
                                :  Civil Action No. DKC 16-1710
THOMAS A. SWEATT
                                :
```

**MEMORANDUM OPINION**

In a Memorandum Opinion dated July 16, 2021, (DKC 05-230, ECF No. 26 and DKC 05-246, ECF No. 29), the court determined that it would grant motions filed by Thomas A. Sweatt pursuant to 28 U.S.C. § 2255 to vacate his convictions under 18 U.S.C. § 924(c), (DKC 05-230, ECF No. 22 and DKC 05-246, ECF No. 16-1).  A telephone conference was then held to discuss the proper relief.  The Government requests that the court hold no further proceedings, vacate the invalid convictions and sentences, and leave all other sentences intact.  Mr. Sweatt requests a full resentencing proceeding under the "sentencing package" doctrine so that he can rely on post-sentencing developments to seek a reduced sentence on the remaining convictions.  He recognizes that the court could increase at least some of those sentences and opt to run some consecutive instead of concurrent.  For the following reasons, the court will vacate the Section 924(c) convictions and sentences but leave the remaining sentences in place.

**I.   Background**

Mr. Sweatt pleaded guilty, pursuant to a written agreement, to fifteen arson and related charges pending in three different jurisdictions arising from forty-five fires. While many charges were brought under U.S. law, others arose under the District of Columbia code. The parties stipulated to certain sentencing guidelines applicable to some offenses. Among the stipulations was that neither side would seek an upward or downward departure from the applicable guideline range for two D.C. murder charges. The plea agreement explicitly stated that, because of the mandatory life sentence for one of the Section 924(c) offenses, the prosecutors in various local jurisdictions agreed not to prosecute Mr. Sweatt for some offenses within the stipulated facts.

The court received the presentence report and letters addressing discrete issues from the parties. In addition, many victims provided written victim impact statements. Several victims and family members also spoke at the sentencing hearing. Ultimately, Mr. Sweatt was sentenced to 1630 months in prison, followed by a life sentence. Sentences for eleven of the counts were ordered to be served concurrently, with the longest being 262 months. These eleven counts included all the arson and possession-of-a-destructive-device charges in the three cases. For the two-armed murder charges arising in D.C. (DKC 05-246, "Counts Six and Seven"), Mr. Sweatt was sentenced to 60 years (720 months) and 288

months, respectively. Those sentences are unaffected by vacatur of the two Section 924(c) convictions.

**II.  Petitioner's Argument**

Petitioner Sweatt maintains that, upon vacating the offending Section 924(c) convictions, the court should convene a full resentencing proceeding on the remaining counts pursuant to the "sentencing package" doctrine. He cites to *United States v. Ventura*, 864 F.3d 301 (4th Cir. 2017) and *United States v. Smith*, 115 F.3d 241 (4th Cir. 1997). He argues that, once the court imposed the life term on one Section 924(c) count, the "terms of incarceration on the remaining counts of conviction became inconsequential because they had no practical impact on Mr. Sweatt's actual length of incarceration." (DKC 05-246, ECF No. 26, at 3). He also states that the court imposed either the statutory maximum or the maximum guidelines sentence on each remaining count. He posits that, without the mandatory consecutive life sentence for one of the Section 924(c) counts, or the similar thirty-year sentence for the other, the court might reduce his sentences on the remaining counts. He points to the fact that he has been incarcerated for more than 15 years and has made "great progress." (*Id.*, at 4). He provides his latest progress report concerning his mental health, work evaluations, and lack of management concerns. He has had only two minor disciplinary infractions, some years ago.

**III. Relief on Motion to Vacate Sentence**

Disposition of a motion under 28 U.S.C. § 2255 proceeds in two steps.

> First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds. . . . If . . . the court determines that the sentence is unlawful, the court shall vacate and set . . . aside the sentence.  If the district court determines that the prisoner's sentence is unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction.

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (citations and quotations omitted).

The second step once the sentence (and conviction, if applicable) is set aside is to grant an appropriate remedy.

> While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy," *United States v. Garcia,* 956 F.2d 41, 45 (4th Cir. 1992), § 2255 lists the four remedies that are appropriate: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C. § 2255. Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence. *Id.*

*Id.* (alterations in original).  While the court is authorized to conduct a resentencing, it is not required to do so, even when

requested by one party or the other.  Nor does the "sentence-package theory" make resentencing mandatory.  *Id.* at 668-69.

## IV. Discussion

The cases cited by Mr. Sweatt do not alter the legal framework outlined above.  *Ventura* references the "sentencing package" doctrine in the context of a sentence vacated by an appellate court and remanded for resentencing.  There, the sentence is void in its entirety and the district court is free to, and in some sense must, revisit any rulings it made at the initial sentencing.  864 F.3d at 309.  In *Ventura*, after an appellate court vacated the Section 924(c) conviction, the trial court imposed a greater sentence on the remaining counts so that the resentencing resulted in the same sentence that had been imposed originally.  The appellate court upheld that result over the defendant's objection. *Id.* at 311, 313.  Two decades earlier, the Fourth Circuit decided *Smith*, which drew on *United States v. Hillary*, 106 F.3d 1170 (4th Cir. 1997), and held that a district court has jurisdiction to resentence a defendant on remaining counts when a Section 924(c) count is successfully attacked under Section 2255.  115 F.3d at 244-45.  Both cases stand for the proposition that a court may reconsider the sentences for remaining counts, not that it must.

A sentence of 1270 months is effectively a life sentence, particularly for a person of Mr. Sweatt's age at the time of initial sentencing.  Thus, the practical effect of vacating the

5

additional thirty-year and life sentences is minimal. The court noted at the time of initial sentencing that the charges brought in the three jurisdictions and consolidated here did not encompass all of the arsons or harm for which Mr. Sweatt was responsible. The criminal charges were representative of the criminal activity. The court recognized that the overall sentence was intended to mean that Mr. Sweatt would never be released. In light of the complexity of the consolidated charges and initial sentencing proceeding, the enormity of the harm caused by Mr. Sweatt, and the absence of a Government request to revisit the sentences on the remaining charges, the court will not conduct a resentencing.

**V.   Conclusion**

The supplemented motions in cases DKC 05-230 and DKC 05-246 will be granted and a corrected judgment entered, merely deleting the vacated convictions and sentences.

/s/
DEBORAH K. CHASANOW
United States District Judge
